IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>PHILADELPHIA JOB CORPS,<br><br>and<br><br>ADAMS AND ASSOCIATES, INC.,<br><br>    Defendants. | Case No. 24-718 |

## COMPLAINT

Plaintiff, John Doe (hereinafter "Mr. Doe"), by and through his undersigned counsel, Justin Robinette, Esquire, hereby submits and files the following Complaint against Defendants, Philadelphia Job Corps, and Adams and Associates, Inc., averring in support thereof, as follows:

### I.    PARTIES:

1.    Plaintiff, John Doe (hereinafter "Plaintiff" or "Mr. Doe") is an adult individual and current resident of the Commonwealth of Pennsylvania, who currently resides at ███████████████████████████████████████████████. Plaintiff's home address has been redacted consistent with Plaintiff's Motion to Proceed Anonymously and Brief in Support thereof submitted on this same date.

2.    Defendant, Philadelphia Job Corps, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the Philadelphia Job Corps Center, 2810 S. 20th St., #12, Philadelphia, PA 19145.

3.	Defendant, Adams and Associates, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 10395 Double R Boulevard, Reno, NV 89521 and/or 908 Bullock Ave., Yeadon, PA 19050-0.

4.	At all times relevant hereto, Defendants employed Plaintiff, Mr. Doe.

5.	At all times relevant hereto, Defendants constituted Plaintiff's joint or co-employer.

### III.	JURISDICTION & VENUE:

6.	This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because the claims present a Federal question.

7.	Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state-law claims as those claims arise out of the same set of operative facts as the Federal claims.

8.	This Court has personal jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Company v. State of Washington, 326 U.S. 310 (1945), and its progeny.

9.	Venue is proper under Title VII of the Civil Rights Act of 1964 ("Title VII") pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices are "alleged to have been committed" in this judicial district, "the employment records relevant to such practice[s] are maintained and administered" in this judicial district, and Plaintiff "would have worked" in this judicial district "but for the alleged unlawful employment practice[s]." 42 U.S.C. § 2000e-5(f)(3).

10. At all times relevant hereto, each Defendant employed fifteen (15) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

11. Plaintiff has exhausted all applicable administrative remedies and the pertinent notice of right-to-sue in this matter is attached hereto as Exhibit "A." Plaintiff's name and address are redacted consistent with Plaintiff's Motion to Proceed Anonymously filed on this same date.

### IV. CLAIMS OF RELIEF:

**COUNT I:**
**HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION AND/OR SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. § 2000*e*, et seq.**
**(Plaintiff, John Doe v. Defendants, Philadelphia Job Corps Center and Adams and Associates, Inc.)**

12. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

13. Plaintiff was employed, at all times relevant hereto, as a Culinary Instructor, by Defendant, Philadelphia Job Corps, located at the Philadelphia Job Corps Center, 2810 S. 20th St., #12, Philadelphia, PA 19145.

14. At all times relevant hereto, Defendant, Adams and Associates, Inc., constituted Plaintiff's joint or co-employer.

15. Plaintiff was employed by Defendants for approximately twenty-two (22) months or approximately two (2), going on three (3), years, prior to his wrongful and retaliatory discharge as described more fully herein.

16. Plaintiff was qualified for the position he held.

3

17. Plaintiff was selected as "Employee of the Month" several times by Defendants.

18. Immediately preceding his termination, Plaintiff was selected by Defendants to go to Washington, D.C., as an honorary distinction.

19. Plaintiff is openly gay.

20. Plaintiff is married to a person of the same sex (male), and the students and employees of Defendants, Adams and Associates and Philadelphia Job Corps, had notice or knowledge of the sex of Plaintiff's spouse, and therefore, Defendants, at all times relevant hereto, had notice or knowledge about Plaintiff's sexual orientation.

21. Plaintiff was referred to by a student as a "fucking faggot" (hereinafter "f——-g f——t") during his employment by a student. One instance of the slur in the workplace, even from a third party, is severe enough to constitute workplace harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000*e*, *et seq.* (hereinafter "Title VII").

22. The student who referred to Plaintiff by the slur also assaulted him by slapping him in the face.

23. The student, who is female, also stated to Mr. Doe, "Ooh, you touched me." Plaintiff responded, "No ma'am, I did not." The individual yelled that, "He just tried to touch my ass." The accusation of sexual assault made by a student of the Philadelphia Job Corps, toward Plaintiff, a gay educator, was false.

24. Subsequently, Plaintiff was wrongly referred to as a "child molester" by another student.

25. Another student stated, "He likes to touch little boys and girls," referring to Plaintiff, which is untrue.

26. Another student stated, "He gave my brother a pet name," which is untrue, and a continuation of the harassment and discrimination against Plaintiff.

27. Plaintiff was subjected to a hostile and homophobic work environment on account of his sex and his sexual orientation while employed with Defendants.

28. Plaintiff engaged in protected conduct/activity during his employment, to wit:

29. Plaintiff reported concerns of harassment and discrimination to the Human Resources ("HR") department, Nicole LNU, Human Resources Generalist.

30. Defendants failed to prevent, correct, and remedy the hostile work environment.

31. Defendants did not separate the student from Mr. Doe and he had to continue as Culinary Instructor for the offending student.

32. It was stated to Plaintiff, "They were just being kids and they didn't really do that much wrong," or words to that effect.

33. Defendants specifically stated to Plaintiff they would not review the video footage of the occurrence where Plaintiff was assaulted by the student.

34. In the case of the student who assaulted Plaintiff and called him the slur, Plaintiff was asked by Defendants to apologize to his assailant, and Plaintiff did so.

35. Defendants, it is believed and, therefore, averred, failed or refused to let Plaintiff continue his membership and accreditation to his detriment.  The representation was made that the cost of membership and accreditation would be covered by Defendants, however, Plaintiff's membership was permitted to lapse and he lost his accreditation as a result.  But for the discrimination and retaliation against Plaintiff, he would not have lost his accreditation.

36. Plaintiff was wrongfully terminated close in time on or about January 12, 2024 by Defendants on account of discrimination.

37. Plaintiff suffered tangible employment action by being improperly written up by Defendants for the altercation where the alleged sexual assault was determined to be unfounded. The alleged sexual assault which was determined to be unfounded was one (1) of the reasons given for ultimately terminating Plaintiff.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendant to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendant's employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT II:**
**HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION AND/OR SEX IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"), 43 P.S. §§ 951, et seq.**
**(Plaintiff, John Doe v. Defendants, Philadelphia Job Corps Center and Adams and Associates, Inc.)**

38. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

39. Plaintiff was referred to by a student as a "fucking faggot" (hereinafter "f——-g f——t") during his employment by a student.

40. The student who referred to Plaintiff by the slur also assaulted him by slapping him in the face.

6

41. The student, who is female, also stated to Mr. Doe, "Ooh, you touched me." Plaintiff responded, "No ma'am, I did not." The individual yelled that, "He just tried to touch my ass." The accusation of sexual assault made by a student of the Philadelphia Job Corps, toward Plaintiff, a gay educator, was false.

42. Subsequently, Plaintiff was wrongly referred to as a "child molester" by another student.

43. Another student stated, "He likes to touch little boys and girls," referring to Plaintiff, which is untrue.

44. Another student stated, "He gave my brother a pet name," which is untrue, and a continuation of the harassment and discrimination against Plaintiff.

45. Plaintiff was subjected to a hostile and homophobic work environment on account of his sex and his sexual orientation while employed with Defendants.

46. Plaintiff engaged in protected conduct/activity during his employment, to wit:

47. Plaintiff reported concerns of harassment and discrimination to the Human Resources ("HR") department, Nicole LNU, Human Resources Generalist.

48. Defendants failed to prevent, correct, and remedy the hostile work environment.

49. Defendants did not separate the student from Mr. Doe and he had to continue as Culinary Instructor for the offending student.

50. It was stated to Plaintiff, "They were just being kids and they didn't really do that much wrong," or words to that effect.

51. Defendants specifically stated to Plaintiff they would not review the video footage of the occurrence where Plaintiff was assaulted by the student.

52. In the case of the student who assaulted Plaintiff and called him the slur, Plaintiff was asked by Defendants to apologize to his assailant, and Plaintiff did so.

53. Defendants, it is believed and, therefore, averred, failed or refused to let Plaintiff continue his membership and accreditation to his detriment.  The representation was made that the cost of membership and accreditation would be covered by Defendants, however, Plaintiff's membership was permitted to lapse and he lost his accreditation as a result.  But for the discrimination and retaliation against Plaintiff, he would not have lost his accreditation.

54. Plaintiff was wrongfully terminated close in time on or about January 12, 2024 by Defendants on account of discrimination.

55. Plaintiff suffered tangible employment action by being improperly written up by Defendants for the altercation where the alleged sexual assault was determined to be unfounded. The alleged sexual assault which was determined to be unfounded was one (1) of the reasons given for ultimately terminating Plaintiff.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendant to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendant's employees, and such other and further relief that this Court deems just, proper, and equitable.

## COUNT III:
## HARASSMENT/HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION AND/OR SEX IN VIOLATION OF THE PHILADELPHIA FAIR PRACTICES ORDINANCE, CHAPTER 9-1100, SECTION 9-1101, et seq., OF THE PHILADELPHIA CODE
**(Plaintiff, John Doe v. Defendants, Philadelphia Job Corps Center and Adams and Associates, Inc.)**

56. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

57. Defendants discriminated against Plaintiff by subjecting Plaintiff to harassment and a hostile work environment in violation of the Philadelphia Fair Practices Ordinance ("PFPO"), at Section 9-1101, et seq., of the Philadelphia Code.

58. The Defendants constitute an "employer" within the meaning of the PFPO at § 9-1102(h).

59. Defendants engaged in "discrimination" as defined by the PFPO which prohibits discrimination that includes "[a]ny direct or indirect practice of exclusion . . . refusal," or "denial," "on the basis of actual or perceived . . . sex," or "sexual orientation."  § 9-1102(e).

60. The PFPO explicitly protects Plaintiff from discrimination on the basis of his "sexual orientation," § 9-1102(e), therefore prohibits the discriminatory conduct complained of herein.

## COUNT IV:
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA"), 29 U.S.C. § 2615(a)(1)
**(Plaintiff, John Doe v. Defendants, Philadelphia Job Corps and Adams and Associates, Inc.)**

61. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

9

62. All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

63. At all times relevant hereto, each Defendant was engaged in commerce, was in an industry or activity affecting commerce, and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

64. At all times relevant hereto, Plaintiff was employed at a worksite where fifty (50) or more employees were employed by the employer within seventy-five (75) miles of that worksite.

65. Plaintiff had, at all times relevant hereto, been employed by the Defendants for more than one (1) year and 1,250 hours of service.  Plaintiff was eligible for leave under the FMLA.

66. Defendants violated Section 105(a)(1)-(2), 29 U.S.C. § 2615(a)(1)-(2), of the Family and Medical Leave Act ("FMLA"), "Prohibited acts," by discriminating/retaliating against Plaintiff for his exercise of rights under the FMLA.

67. Plaintiff had a serious health condition, Irritable Bowel Syndrome ("IBS"), which is a serious health condition within the meaning of the FMLA.

68. Defendants interfered with Plaintiff's request for FMLA on an intermittent or continuous basis for Irritible Bowel Syndrome ("IBS") by denying Plaintiff's request for the same.

69. Defendants interfered with Plaintiff's right to job-protected leave by terminating Plaintiff's employment following Plaintiff's request for FMLA on an intermittent or continuous basis for IBS.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, Philadelphia Job Corps and Adams and Associates, Inc., individually and/or jointly and severally, in an amount in excess of $150,000.00, that will compensate him for back pay and benefits from the time period of his discharge to the present; front pay; back and front seniority, benefits, bonuses, commissions, overtime, shift differentials, and raises Plaintiff would have received; any and all amounts of back and front benefits in the form of health insurance, 401K, paid time-off, and life insurance; other actual monetary losses including past and future medical expenses and any other debts incurred due to a lack of necessary income; any incidental costs or expenses associated with incurring these events without necessary income from employment, up to a sum equal to 12 weeks of wages of salary; liquidated or double damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); reasonable attorneys' fees; interest under 29 U.S.C. § 2617(a)(1)(A)(ii); expert witness fees; costs of suit; and equitable relief requiring Defendant to provide a neutral employment reference for Plaintiff.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

DATED: 02/19/2024

BY: _____
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

11

**CERTIFICATE OF SERVICE**

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, in the above-named matter, do hereby certify that on this <u>19th</u> day of <u>FEBRUARY</u>, <u>2024</u>, the foregoing Complaint was served via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated:

***<u>VIA ELECTRONIC MAIL WITH WAIVER OF SERVICE OF SUMMONS</u>***

Tiffinay Pagni, Esquire
Adams and Associates, Inc.
6151 Lakeside Drive, Ste. 1000
Reno, NV 89511
tpagni@aai.com

Respectfully submitted,

DATED: <u>02/19/2024</u>     BY:     <u>*/s/ Justin Robinette, Esquire*</u>
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorney for Plaintiff*