### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br>        v.<br><br>PHILADELPHIA JOB CORPS, <u>et al.</u>,<br><br>                    Defendants. | CASE NO. _____ |

### O R D E R

AND NOW, this _____ day of _____, 20___, upon consideration of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is hereby **ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1. Plaintiff is permitted to file the Complaint so that the caption reflects the name of the Plaintiff as, "John Doe";

2. The parties shall file any and all pleadings and other documents with the Court using, "John Doe," for Plaintiff's name, and/or shall redact any pleadings and other documents filed of Plaintiff's name;

3. Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any amendment thereto.

BY THE COURT:

_____

, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PHILADELPHIA JOB CORPS, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. _____ |

**MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY**

Plaintiff, John Doe, hereby files the instant Motion to Proceed Anonymously and incorporates by reference all of the arguments contained in the accompanying Brief, as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use "John Doe" for Plaintiff's name; and permit Plaintiff to redact his home address from the Complaint and any amendment thereto.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

DATED: 02/19/2024　　　　　BY: _____
　　　　　　　　　　　　　　　　Justin Robinette, Esquire
　　　　　　　　　　　　　　　　PA Supreme Court I.D. No. 319829
　　　　　　　　　　　　　　　　P.O. Box 15190
　　　　　　　　　　　　　　　　Philadelphia, PA 19130-9998
　　　　　　　　　　　　　　　　Tel: (267) 595-6254
　　　　　　　　　　　　　　　　Fax: (267) 592-3067
　　　　　　　　　　　　　　　　Justin@JRobinetteLaw.com

　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>                       Plaintiff,<br>  v.<br><br>PHILADELPHIA JOB CORPS, *et al.*,<br><br>                       Defendants. | CASE NO. _____ |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff, John Doe, hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed Anonymously, and in support thereof, states as follows:

**I.     MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.    QUESTION PRESENTED:**

1.     Whether Plaintiff should be permitted to proceed anonymously and redact his home address from the Complaint because he has articulated a legitimate fear of severe harm that is reasonable, on account of his sexual orientation, under existing Third Circuit precedent?

Suggested Answer: **YES.**

**III.   STATEMENT OF FACTS:**

Plaintiff files the instant request for anonymity in order to proceed anonymously, as "John Doe," in Plaintiff's Complaint. Plaintiff points to the workplace harassment claims he makes herein, together with anecdotal and statistical evidence of violence directed toward the LGBTQ+ community—and, in particular, toward gay and gender non-conforming men—which should be sufficient to warrant a conditional grant of anonymity in the instant litigation at this time.

Plaintiff alleges a hostile work environment during his employment on account of his sexual orientation.  See Pltf.'s Compl., ECF No. 1, at para. 27, 36.  Plaintiff was employed as a Culinary Instructor for the Philadelphia Job Corps.  See id. at para. 13.  One (1) of the students Plaintiff was teaching called Plaintiff a "fucking faggot" (hereinafter "f——g" "f——t"), slapped Plaintiff in the face, and then falsely accused Plaintiff of sexual assault, during his employment.  See id. at para. 21-23.  The allegation was determined to be unfounded.  See id. at para. 23.  Another student referred to Plaintiff as a "child molester," which is false.  See id. at para. 60.  Other students stated about Plaintiff, "He likes to touch little boys and girls," and, "He gave my brother a pet name," which are untrue.  See id. at para. 61-62.

Plaintiff reported concerns of harassment to the Human Resources ("HR") department, specifically Human Resources Generalist, Nicole LNU.  See id. at para. 29.  Plaintiff alleges that Defendants failed to prevent, correct, and remedy the hostile work environment.  See id. at para. 30.  Among other things, Defendant's employee stated, "They were just being kids and they didn't really do that much wrong," or words to that effect."  See id. at para. 32.  Plaintiff alleges he was subjected to tangible employment action.  See id. at para. 37.

Plaintiff has a serious health condition—Irritable Bowel Syndrome ("IBS")—and requested Family and Medical Leave ("FMLA"), during Plaintiff's employment, on account of his health, which was not granted by Defendants.  See id. at para. 61-69.  Plaintiff alleges Defendants interfered with Plaintiff's entitlement to leave in violation of the Family and Medical Leave Act ("FMLA").  See id.

Plaintiff respectfully requests that the Court permit him to adopt the name "John Doe," and to redact his home address in the instant litigation.  It is respectfully submitted that Plaintiff has set forth sufficient reasons in the instant Motion to support a legitimate fear of severe harm

that is reasonable, and which warrants a conditional grant of anonymity in the instant litigation at this time.

For all of the reasons set forth more fully below, Plaintiff respectfully requests that this Court permit Plaintiff to adopt, "John Doe," in lieu of Plaintiff's name in this litigation, and to permit him to redact his address from the Complaint, and any amendment thereto.

### IV.     LEGAL ARGUMENT:

It is well-recognized that a party may proceed under a pseudonym in a lawsuit when there is a legitimate fear of social stigma resulting from disclosure of the party's sexual orientation or gender identity.  See Doe v. Megless, 654 F.3d 404, 408-09 (3d Cir. 2011); see also Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

In Doe v. Megless, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in Doe v. Borough of Morrisville, supra., for its holding that cases involving a litigant's sexual orientation or gender identity were generally appropriate for pseudonyms.  Megless, 654 F.3d at 408-09 (citing Doe v. Borough of Morrisville, 130 F.R.D. at 614)).

The Third Circuit in Doe v. Megless explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation."  Megless, 654 F.3d at 408-09.  Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  Megless, 654 F.3d 404, 408 (citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)); see also Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in <u>Megless</u> adopted a "non-exhaustive" list of factors from <u>Doe v. Provident Life and Accident Insurance Company</u>, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

(1)　The extent the litigant's identity has been kept confidential;

(2)　The basis on which disclosure is feared or avoided, and its substantiality;

(3)　The magnitude of the public interest in maintaining the litigant's confidentiality;

(4)　Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

(5)　Whether the litigant has illegitimate ulterior motives.

<u>Megless</u>, 654 F.3d at 409 (citing <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1)　Whether there is universal public interest in accessing the litigant's identity;

(2)　Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3)　Whether opposing counsel, the public, or the press is illegitimately motivated.

<u>Megless</u>, 654 F.3d at 409 (citing <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. at 467).

**A.  Plaintiff Has Articulated a Legitimate Fear of Severe Harm That Is Reasonable As Plaintiff Faces a Risk of Stigma, Violence, or Retribution Based on His Sexual Orientation If Plaintiff's Name And Address Are Disclosed In This Lawsuit Beyond An Extent To Which He Is Comfortable.**

The Third Circuit explained in <u>Doe v. Megless</u> that the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of granting anonymity.  <u>Doe v. Megless</u>, 654 F.3d 404, 409 (3d Cir. 2011).

4

Plaintiff notes that conditional grants of anonymity under analogous circumstances and with similar reasoning have been ordered in several LGBTQ+ employment discrimination cases recently in this jurisdiction, including in Doe v. The Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4 (E.D. Pa. 2018); Doe v. Triangle Doughnuts, LLC, No. 19-5275, ECF No. 23 (E.D. Pa. June 23, 2020); and Doe v. Genesis Healthcare, No. 21-551 (E.D. Pa. Apr. 23, 2021).

Furthermore, in Doe v. Pennsylvania Department of Corrections, the Hon. Matthew W. Brann, of the United States District Court for the Middle District of Pennsylvania, found for the transgender employee that they could pursue their employment discrimination case anonymously as, "John Doe." See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.).  The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously." Id.  See also Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020) (where the court permitted anonymity for an adult student alleging sexual-orientation discrimination at the defendant-university, reasoning, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face.  As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously").

In another recent case out of the Eastern District of Pennsylvania involving a lesbian employee who pled in the complaint that she had a "masculine gender expression," the Honorable Joel H. Slomsky held that the plaintiff could pursue her employment discrimination case under "Michelle 'Doe'," due to the plaintiff's fear of potential retribution, even though the

5

plaintiff acknowledged in that case that she was openly gay. See Doe v. Parx Casino, No. 18-5289, at p. 2 (E.D. Pa. Jan. 2, 2019). Although the defendant-employer in Doe v. Parx Casino did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint. See id. at p. 3.

Even though Judge Slomsky held therefore that the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint, the court instead relied on the fact that the plaintiff in Doe v. Parx Casino alleged that the plaintiff "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation." See id. at p. 2. The court in Doe v. Parx Casino considered the Megless list of factors to be a "non-exhaustive list," and therefore "not comprehensive." See id. at pp. 2-3. Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only one factor in the list of non-exhaustive Megless factors, and it is not the only factor.

Judge Slomsky ruled in Doe v. Parx Casino that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that [not] proceeding anonymously will result in further threats, violence, and retribution." See id. at p. 3. This analysis was conducted independently of the question of confidentiality, which the plaintiff in Doe v. Parx Casino could not satisfy according to the court because the plaintiff admitted she was being discriminated against because she was openly

lesbian in that case.  See also Doe v. Commonwealth of Pennsylvania, No. 19-2193, Dkt No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020) (granting plaintiff anonymity in transgender discrimination case involving exclusion of gender-affirming surgery from employer-sponsored health plan, recognizing that disclosure "places [the plaintiff] at risk of being subjected to social stigma and violent attacks").

In Doe v. Commonwealth of Pennsylvania, the Honorable Sylvia H. Rambo reasoned that anonymity was justified in that case because the plaintiff "fear[ed] that publicly disclosing his gender identity places him at risk of being subjected to social stigma and violent attacks," and that "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case."  Id. at pp. 2-3.  While Judge Rambo reasoned that "[t]he public may have an interest in following the state of the law governing transgender people," Judge Rambo nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person."  Id. at p. 3.  See also Doe v. Dallas, 16-cv-787-JCJ (E.D. Pa. Mar. 10, 2016) (Dkt. 3) (anonymity was permitted for transgender litigant alleging discrimination under the Affordable Care Act); Doe v. Romberger, 16-cv-2337-JP (E.D. Pa. June 27, 2016) (Dkt. 8) (anonymity was permitted for transgender litigant bringing a challenge to obtain an accurate birth certificate).

In the instant case, Plaintiff's request comports with other courts' grants of anonymity to gay, lesbian, and transgender litigants in this jurisdiction as well as in the Middle District of Pennsylvania.  Consistent with the cases cited above, Plaintiff respectfully contends that conditionally granting the instant Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time, so that Plaintiff is not subjected to potential retribution on account of his sexual orientation for bringing the instant case.

7

Plaintiff also points to additional anecdotal evidence and statistics to support his request as did the plaintiff in Doe v. Gardens for Memory Care at Easton. The court in Doe v. Gardens for Memory Care at Easton found the local and national statistics and data presented in that case to be persuasive. See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018). The court reasoned in support of its opinion in Doe v. Gardens for Memory Care at Easton, "In her brief in support of this motion [the plaintiff] speaks of a fear of violence if her name is included in the Complaint citing statistics, several articles, and individual instances of violence against transgender people, in support of those propositions." See id. at n. 1, p. 2. See also Doe v. Genesis Healthcare, No. 21-551, Dkt. No. 7 (E.D. Pa. Apr. 23, 2021).

In a recent opinion, Doe v. Genesis Healthcare, the Honorable Cynthia M. Rufe of the Eastern District of Pennsylvania held in an employment discrimination case brought by a transgender employee that the litigant in that matter was entitled to anonymity, recognizing that "courts in this Circuit have allowed anonymity due to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals." Doe v. Genesis Healthcare, No. 21-551, Dkt. No. 7, at p. 4 (E.D. Pa. Apr. 23, 2021. The court in Doe v. Genesis Healthcare specifically cited the Eastern District of Pennsylvania's decisions in Doe v. Gardens for Memory Care at Easton and Doe v. Triangle Doughnuts LLC, as well as the Middle District of Pennsylvania's decisions in Doe v. Commonwealth of Pennsylvania and Doe v. Pennsylvania Department of Corrections in support of its holding. See Doe v. Genesis Healthcare, Dkt. No. 7, n. 19. The same reasoning should be applied to the instant case brought by a gay or gender non-conforming male plaintiff-employee.

8

Plaintiff similarly points out with respect to the instant litigation that statistics confirm transgender individuals are more likely to suffer violence because of their gender identity.[1] It has been reported statistically that 2021 was the deadliest year on record for transgender individuals.[2] 2020 was the most violent year on record before then,[3] as was the year 2018 before then[4], the year 2017 before then,[5] and the year 2016 before then.[6]

Locally, as well, transgender women, Shahere "Diamond" Jackson-McDonald, Dominique "Rem'mie" Fells, Mia Green, and Shantee Tucker [7] have been murdered in Philadelphia recently.[8] Trans man and local transgender activist, Mar'Quis "MJ" Jackson, was

---

[1] See McBride, Sarah, "HRC & Trans People of Color Coalition Release Report on Violence Against the Transgender Community," *Human Rights Campaign* (November 17, 2017; Updated January 2018) [https://www.hrc.org/blog/hrc-trans-people-of-color-coalition-release-report-on-violence-against-the].

[2] See "2021 is now the deadliest year on record for transgender people," *PBS Newshour* (Nov. 18, 2021), https://www.pbs.org/newshour/nation/2021-is-now-the-deadliest-year-on-record-for-transgender-people; Orion Rummler and Kate Sosin, "2021 is now the deadliest year on record for transgender people," https://19thnews.org/2021/11/2021-deadliest-year-record-transgender-people/ (Nov. 9, 2021).

[3] See "Fatal Violence Against Transgender and Gender Non-Conforming Community in 2021,": *Human Rights Campaign* (Last Accessed Sept. 13, 2023), https://www.hrc.org/resources/fatal-violence-against-the-transgender-and-gender-non-conforming-community-in-2021.

[4] See https://www.usatoday.com/story/news/2018/09/26/2018-deadliest-year-transgender-deaths-violence/1378001002/; https://www.cnn.com/2019/01/16/health/transgender-deaths-2018/index.html.

[5] See Human Rights Campaign, "Violence Against the Transgender Community in 2017," [https://www.hrc.org/resources/violence-against-the-transgender-community-in-2017].

[6] See Thomson Reuters Foundation, "2016 was Reportedly the Deadliest Year Ever for Transgender People," *Huffington Post* (November 11, 2016) [http://www.huffingtonpost.com/entry/transgender-people-2016_us_5824f1c3e4b034e38990c47c].

[7] Owens, Ernest, "Black Trans Woman Murdered at Old York Road Wednesday Morning," *Philadelphia Magazine* (Sept. 5, 2018), https://www.phillymag.com/news/2018/09/05/shantee-tucker-black-trans-crime/

[8] See Chang, David, "Transgender Woman Found Shot to Death in Philadelphia Apartment," *NBC 10 Philadelphia* (Dec. 1, 2022), https://www.nbcphiladelphia.com/news/local/transgender-woman-found-shot-to-death-in-philadelphia-apartment/3440360/; Owens, Ernest, "Black Trans Woman Murdered at Old York Road Wednesday Morning," *Philadelphia Magazine* (Sept. 5, 2018), https://www.phillymag.com/news/2018/09/05/shantee-tucker-black-trans-crime/; https://www.nbcnews.com/feature/nbc-out/fugitive-arrested-grisly-slaying-philadelphia-transgender-woman-n1247297 (Nov. 10, 2020); https://www.nbcphiladelphia.com/news/local/philly-man-charged-with-murder-of-transgender-woman/2547906/ (Sept. 29, 2020); Shaw, Julie, "Philly cops seek killer of trans

murdered in or around December 2022.[9] In 2021, in Western Pennsylvania, news reports stated that "[t]he recent deaths of trans people of color in Western Pennsylvania signal an alarming trend of violence," that "[f]our trans people of color have died in Western Pennsylvania in February [2021], three of whom were killed within one week.[10] The Morris Home for Hope, an LGBTQ-specific Philadelphia homeless shelter, appears to have been "firebombed" in a hate crime attack in 2018.[11] In July 2017 residents of the same shelter reported being attacked.[12]

The violence is not limited to transgender women but is also reserved in particular for gay or gender non-conforming men—men who do not conform to society's expectations for their gender—with the aggression seeking to police social norms for their gender. Naasire Johnson, a gay man, was recently murdered in Philadelphia.[13] In 2019 five (5) individuals allegedly brutally beat a gay man outside a bar in the Philadelphia Gayborhood.[14]

---

woman, say motive behind shooting unclear," *Philly.com* (Sept. 5, 2018) [https://www.philly.com/philly/news/crime/shantee-tucker-philadelphia-shooting-trans-woman-old-york-road-hunting-park-20180905.html].

[9] Chang, David, "Arrest Made in Murder of Philly Transgender Activist," *NBC 10 Philadelphia* (Apr. 3, 2023), https://www.nbcphiladelphia.com/news/local/arrest-made-in-murder-of-philly-transgender-activist/3538837/

[10] Rooney, Kimberly, "The recent deaths of trans people of color in Western Pennsylvania signal an alarming trend of violence," *PGH City Paper* (Mar. 3, 2021), https://www.pghcitypaper.com/news/the-recent-deaths-of-trans-people-of-color-in-western-pennsylvania-signal-an-alarming-trend-of-violence-19015946.

[11] Busey, Kelli, "Philly transgender group home firebombed in hate crime attack," *Planet Transgender* (June 29, 2018), available at [http://planettransgender.com/philly-transgender-group-home-fire-bombed/?cn-reloaded=1].

[12] Nieves, Alicia, "Police: Transgender People Shot In Paintball Attacks," *CBS Philly* (July 7, 2017), available at [https://philadelphia.cbslocal.com/2017/07/07/philadelphia-police-investigating-series-of-paintball-attacks/].

[13] https://www.inquirer.com/news/philadelphia-kylen-pratt-naasire-johnson-murder-fairmount-park-20220711.html (July 11, 2022).

[14] https://www.lgbtqnation.com/2019/01/5-people-jumped-car-brutally-beat-man-standing-outside-gay-bar/ (Jan. 30, 2019).

The Commonwealth of Pennsylvania does not have a fully-inclusive non-discrimination ordinance for sexual orientation or gender identity. The Commonwealth of Pennsylvania does not have window legislation for survivors. Surrounding Northeastern states have both.

Violence, including fatal violence, against people who are LGBTQ+ is on the rise currently.[15] Homicides of LGBTQ+ people have been on the rise since 2007.[16] The FBI released formal hate crime statistics in 2017 showing what is believed to be an increase in the number of reported hate crimes.[17]

Plaintiff has alleged a legitimate fear of violence with particularity which is sufficient to justify anonymity in this case. Local and national statistics and data on violence against people who are LGBTQ+—alongside Plaintiff's individualized showing of violence based on the workplace violence and harassment he faced on account of his sexual orientation in the instant case—should be sufficient to justify a grant of anonymity for Plaintiff in the instant matter at this time. It should be pointed out again that the Megless list of factors are non-exhaustive. Each factor does not need to be met in order for the Court to make a determination in favor of Plaintiff. A strong showing on one factor may negate a weak or no such showing on another factor. Megless sets forth a balancing test.

---

[15] See Marzullo and Libman, Human Rights Campaign, "Research Overview: Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people]; Haeyoun Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0].

[16] Wile, Rob, "It's Still Dangerous To Be Gay In America. Here Are The Statistics That Prove It," *Splinter* (June 12, 2016), [www.splinternews.com/it-s-still-dangerous-to-be-gay-in-america-here-are-the-1793857468].

[17] Dashow, Jordan, "New FBI Statistics Show Alarming Increase in Number of Reported Hate Crimes," *Human Rights Campaign* (November 13, 2018) [www.hrc.org/blog/new-fbi-statistics-show-alarming-increase-in-number-of-reported-hate-crimes].

For example, the court in Doe v. Parx Casino found that the plaintiff had alleged a sufficient justification based on a "legitimate fear of severe harm" directed at the plaintiff on account of the plaintiff's "masculine gender expression," without a showing on the confidentiality prong, since the plaintiff in Doe v. Parx Casino acknowledged being openly gay. See Doe v. Parx Casino, supra, at p. 3.  The instant case is similar in that Plaintiff has made a showing of a general as well as a particularized fear of violence against him on account of his sexual orientation, with respect to a "legitimate fear of severe harm that is reasonable."  A strong showing on the severe harm prong is sufficient to grant Plaintiff's request for anonymity.

Plaintiff respectfully requests that this Honorable Court permit him to adopt the name, "John Doe," in this litigation.  Plaintiff requests that this Court permit Plaintiff to redact his home address from the Complaint and any amendment thereto.  Plaintiff respectfully requests that the instant Motion for Anonymity be granted.

### B.   The Public Interest Weighs in Favor of Granting Plaintiff's Anonymity Request.

According to Megless, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ."  Megless, 654 F.3d at 409.  Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the litigant anonymity.  Id.

Generally speaking, as stated above, people who are LGBTQ+ are recognized as having a strong interest in keeping their identity confidential in civil litigation.  See Doe v. Pa. Dep't of Corrections, supra, 2019 WL 5683437, at *2; see also Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy); Powell v. Schriver, 175 F.3d 107,

12

111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

Consideration of the public interest here also weighs in favor of Plaintiff and against Defendants. In the instant case, as the Plaintiff is not a public figure, there is not a particularly strong interest in revealing Plaintiff's identity. See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997). This consideration was also recently recognized by Judge Beetlestone in Doe v. Gardens for Memory Care at Easton, an employment discrimination case brought by a transgender employee, where Judge Beetlestone reasoned that the public interest weighed in favor of the plaintiff in that case because the plaintiff was a "certified nursing assistant, not a public figure." See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018). In the instant case, this is an employment discrimination case that concerns a Culinary Instructor for the Philadelphia Job Corps who alleges discrimination based on his sexual orientation. See Pltf.'s Compl., ECF No. 1, para. 13. Plaintiff is not a public figure. This factor therefore weighs in favor of granting Plaintiff's anonymity request.

Further, as recently recognized by the Middle District of Pennsylvania in two (2) recent decisions, while there may be an interest in general in the development of the law surrounding, as Judge Brann recognized, "transgender issues" or "transgender litigation," see Doe v. Pennsylvania Department of Corrections, supra, 2019 WL 5683437, at *2, there is, according to Judge Rambo, very little public interest in knowing the specific identity of any particular LGBTQ+ litigant. See Doe v. Commonwealth, supra, No. 19-2193, Dkt No. 5, at p. 3.

Plaintiff respectfully contends that the public interest also includes the interest in protecting the Plaintiff's, and other future litigants', privacy surrounding an intimate matter like

13

their sexual orientation.  Plaintiff contends that the public interest will best be served by ensuring Plaintiff can proceed anonymously so that Plaintiff does not face severe harm, and so that Plaintiff is not outed beyond an extent to which he is comfortable.  If the instant Motion were denied, Plaintiff and potential future litigants would be faced with the choice of proceeding with the case or having to drop the lawsuit to avoid revealing their identities.  Plaintiff respectfully submits justice would not be served in such an instance.

For this additional reason, Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request.  Plaintiff respectfully requests that the instant Motion be granted.

   **C.**  **Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential.**

Plaintiff only seeks to keep a limited amount of information confidential.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity."  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  A related point was also recognized by Judge Beetlestone in the Eastern District of Pennsylvania decision, Doe v. Gardens for Memory Care at Easton.  See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3-4, n. 1, p. 2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint.  More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

In the instant case, like Doe v. Gardens for Memory Care at Easton, Plaintiff is agreeable to conducting depositions and trial with his real name being used.  Plaintiff is also not requesting that this case or any document be sealed.  Plaintiff is respectfully moving the Court for permission to proceed with the designation, "John Doe," and to redact his home address from the pleadings.  Plaintiff only

seeks to keep a limited amount of information confidential. The public can know about the facts and development of this case from the docket activity. Plaintiff respectfully requests that he be permitted to keep his name and home address private in court filings and that the instant Motion be granted.

## V. **CONCLUSION:**

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the name, "John Doe"; and permit Plaintiff to redact his home address from the Complaint, and any amendment thereto.

Respectfully submitted,

DATED: 02/19/2024    BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF NON-CONCURRENCE**

Undersigned counsel sent the instant Motion to Proceed Anonymously to Counsel for Defendants. Undersigned counsel requested concurrence. Defense Counsel has not consented to the relief requested herein.

                                             Respectfully submitted,

DATED: 02/19/2024      BY:   */s/ Justin Robinette, Esquire*
                                                Justin Robinette, Esquire
                                                PA Supreme Court I.D. No. 319829
                                                P.O. Box 15190
                                                Philadelphia, PA 19130-9998
                                                Tel: (267) 595-6254
                                                Fax: (267) 592-3067
                                                justin@jrobinettelaw.com

                                                *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, Jane Doe, in the above-named matter, do hereby certify that on this 19th day of FEBRUARY, 2024, the foregoing Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof and accompanying exhibits, were filed using the Court's electronic filing system, and sent via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated:

*VIA ELECTRONIC MAIL*

Tiffinay Pagni, Esquire
Adams and Associates, Inc.
6151 Lakeside Drive, Ste. 1000
Reno, NV 89511
tpagni@aai.com

*Attorney for Defendants*

Respectfully submitted,

DATED: 02/19/2024        BY: _____

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*