IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>PHILADELPHIA JOB CORPS,<br><br>   and<br><br>ADAMS AND ASSOCIATES, INC.,<br><br>      Defendants. | CIVIL ACTION<br><br>CASE NO: 2:24-cv-00718-KBH |

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

  Defendants, Philadelphia Job Corps and Adams and Associate, Inc., hereby file the instant Brief in Support of their Response to Plaintiff's Motion to Proceed Anonymously.

**I. MATTER BEFORE THE COURT**

  Plaintiff's Motion to Proceed Anonymously, Brief in Support thereof, and Defendants' Response and Brief in Support of their Response.

**II. QUESTION PRESENTED**

  1. Whether under the factor tested in this jurisdiction to analyze a motion to proceed anonymously, Plaintiff has carried his burden of factually proving that exceptional circumstances cause him both (i) a fear of severe harm and (i) that the fear of severe harm is reasonable?

  **Suggested Answer:** No.

III.  COUNTERSTATEMENT OF FACTS

The Amended Complaint asserts a hostile work environment and wrongful termination based on sexual orientation under Title VII and state law, as well as violations of FMLA. The basis of the workplace gender discrimination is three (3) fold:

> 1) John Doe-Plaintiff, a 2-year employee who "was openly day" and "married to a person of the same sex (male)", alleges a hostile work environment and harassment because, on at least four (4) occasions, his culinary students used gender slurs, physical abuse, and made slanderous, harassing allegations against him.
> Specifically, Plaintiff was allegedly referred to by a student as a "fucking faggot" and slapped in the face by that student; another student claimed "he just tried to touch my ass," falsely accusing him of sexual assault; another student referred to him as a "child molester"; with another allegedly claiming "he likes to touch little boys and girls"; and finally, a student supposedly claimed that "he gave my brother a pet name."
>
> 2) Plaintiff was not permitted to continue his accreditation and was wrongfully terminated for being gay rather than the purported reason for smoking e-cigarettes in the classroom.
>
> 3) The firing for e-cigarettes was allegedly a pretext because Plaintiff received disparate treatment compared to other colleagues who were not gay.

Finally, Plaintiff's FMLA prohibited acts/retaliation claim is less clearly pleaded. Plaintiff alleges he suffers from Inflammatory Bowel Disease (IBD) and that his employer interfered with/discriminated/retaliated against him for taking FMLA.

IV.  LEGAL ARGUMENT

A.  <u>Legal Standard</u>

Plaintiff has failed to carry his burden of establishing exceptional circumstances to warrant proceeding anonymously. To be clear, the Motion at issue contains no factual record specific to Plaintiff's case, and, as set forth below, the evidence gathered thus far on the issue by defense counsel militates against anonymity and favors disclosure.

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." FED. R. CIV. P. 10(a). "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The right of the public to know who is using its courts mandates that parties to litigation be identified. *See Megless*, 654 F.3d at 408. This right, as codified in Rule 10(a), is deeply rooted in common law and predates even the Constitution. *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). However, in exceptional cases, courts have allowed litigants to proceed anonymously, even though there is no such authority in Rule 10(a). *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008) (Acknowledging "that the use of pseudonyms to conceal a plaintiff's identity has no explicit sanction in the federal rules.) Nonetheless, the Supreme Court has given the practice implicit recognition in two abortion cases, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).

A motion to proceed anonymously is subject to an abuse of discretion standard of review. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3d Cir.2008). "An abuse of discretion arises when the district court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Oddi v. Ford Motor Co.*, 234 F.3d

136, 146 (3d Cir.2000) (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir.1993)).

In order to proceed anonymously and deprive the public of its right of knowledge, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). It is not enough that a plaintiff may suffer embarrassment or economic harm. *Megless*, 654 F.3d at 408. This Circuit, courts' analyses of motions to proceed anonymously examine the following non-exhaustive factors, which weigh in favor of anonymity: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997); *see Megless*, 654 F.3d at 409.

On the other hand, the following non-exhaustive factors disfavor anonymity: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *Provident Life and Acc. Ins. Co.*, 176 F.R.D. at 467-68; *see Megless*, 654 F.3d at 409. Importantly, district courts have an independent duty to determine whether these conditions are satisfied; that is, "whether 'exceptional circumstances' warrant a

departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist.*, No. 2:12-CV-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

### B. Application to Plaintiff's Case

Plaintiff's Motion fails to carry his burden. Although the Motion cites ample case law and numerous reports, ranging from anecdotal to statistical and sourced materials citing violence, and even increased violence, against LGBTQ+ people, it fails to advance any facts specific to Plaintiff's case. To be clear, the relevant facts we do possess fail to support anonymity under the factors analyzed in this District.

First, admittedly, "[p]laintiff is openly gay" and is "married to a person of the same sex (male), and the students and employees of Defendants… had notice or knowledge of the sex of Plaintiff's spouse, and therefore, Defendants, at all times relevant hereto, had notice or knowledge about Plaintiff's sexual orientation." (ECF. No. 8 at paragraphs 19 and 20). Moreover, neither Plaintiff's Amended Complaint nor his EEOC Charge of Discrimination contains any facts from which to conclude that disclosure of Plaintiff's identity would cause him a reasonable fear of severe harm. *See* redacted Charge of Discrimination attached hereto as Exhibit "A." In point of fact, there is no Affidavit from Plaintiff or any other sworn documentation to support any fear of harm whatsoever.

Second, with respect to Defendants, the evidence seems to contradict a reasonable fear of severe harm. In Plaintiff's attempt to appeal his termination with his employer, he cited "good report (sic) with staff" and deep, caring relationships with his students, excepting the allegations made in the Amended Complaint. In particular, Plaintiff's appeal letter stated, in relevant, part:

> Despite these and many other hardships, I have still fought and found a way to educate my students and be a positive force in their lives. I spend a lot of my weekend time looking for jobs for them, coaching them for interviews, being a shoulder to cry on, a voice of reason and a mentor.
>
> As an employee, I have a good report with other staff and leadership has historically counted on me to provide deliverables ahead of schedule and execute complicated last-minute requests with ease. The Department of Labor have been happy with my evaluations and observations. I also have a good report with students beyond my classroom and my colleagues lean on me for support. That said, the last few months have been extremely stressful due to the center numbers, poor audits, and the drastic change in leadership style.

Finally, the March 1, 2024, article in Pennsylvania Record also favors disclosure[1]. While the article described Plaintiff as "John Doe," and it's unclear whether the article was published with Plaintiff's counsel's cooperation, that newspaper appears to confirm that the case is newsworthy in legal circles, and that by virtue of open-source information contained therein, anonymity was never an overarching concern for Plaintiff. If anonymity was a priority, other steps could have been taken, i.e., it would appear simply redacting the Plaintiff's name and address would accomplish little in protecting Plaintiff's identity from school, staff, or reporters with an inquiring mind. Accordingly, it is respectfully suggested that Plaintiff has not met his burden of establishing that he reasonably fears severe harm or that this limited redaction would accomplish its intended purpose.

---

[1] https://pennrecord.com/stories/655440362-philadelphia-job-corps-sued-by-gay-instructor-over-harassment-by-students

## V. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Proceed Anonymously and enter the attached proposed Order.

                                              **REBAR KELLY**

By:      *[signature]*
                      By: Cathleen Kelly Rebar
                      I.D. #82872
                      460 Norristown Road, Suite 201
                      Blue Bell, PA 19422
                      484-344-5340
                      *Attorney for Defendants,*
                      *Philadelphia Job Corps and Adams and Associates, Inc.*

Date: <u>March 18, 2024</u>